## HENDERSON *v.* STATE.

(In Banc. March 11, 1946. Suggestion of Error Overruled April 8, 1946.)

[25 So. (2d) 133. No. 35896.]

630

Fulton Thompson and R. H. & J. H. Thompson, all of Jackson, and J. H. Garth, of Hazlehurst, for appellant.

632

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**Griffith, J.,** delivered the opinion of the Court.

Appellant was convicted of manslaughter under the culpable negligence statute, Sec. 2232, Code 1942, the circumstances involved being a collision between a truck driven by appellant and an automobile in which the deceased was a passenger.

Except as to such parts of the version of appellant and his witness as are undisputed, the jury was justified in rejecting that version. And in the opinion of the writer hereof, a cautious analysis of the record will

arouse apprehension that the version given by the prosecuting witness is inaccurate also, and that an injustice has been done in the conviction, but it must be conceded that there is sufficient evidence to support the verdict and a finding of the following state of facts:

On the morning of July 26, 1944, Mrs. Floy Smith was driving north on paved Highway 51—a highway on which there is almost a continuous line of traffic—and was approaching the village of Gallman, in Copiah county, on a road straight at that point for more than 300 yards, her rate of speed being about 25 miles per hour. Approaching her, and going south, were two lumber trucks, each with trailers, driving at about the same speed, the rear truck being about 50 feet behind the trailer of the other. When the Smith car had reached within a few feet of the front truck, the rear truck, driven by appellant, turned to its left in the apparent effort to pass the front truck, and when the left front wheel of appellant's truck, which was thus attempting to pass the other, had reached a position about 2½ or 3 feet to the left of its center line of the highway, the Smith car reached that point with the result that the left side of the Smith car was considerably injured, and the passenger therein, a lady about 85 years of age, received wounds which because of her age subsequently developed into pneumonia from which she died.

No observant person who has ever traveled in an automobile on our modern paved highways has failed to witness the procedure by which a car in the rear will pass a truck or car traveling at a slower rate ahead. The vehicle to the rear will approach as close as is safe toward the car ahead, and the rear vehicle will then turn to its left so as to place the driver of the rear vehicle in such a position that he can see beyond the body or cab of the vehicle in front for such a distance as will clearly disclose whether there is another car approaching and within a distance so near or at a speed so great as will not leave the opposite lane clear for a sufficient time to make the passage around the vehicle ahead. If the car or truck

in front is holding close to the center of the highway it is necessary, in order to get the clear view which has been mentioned, that the car in the rear shall get sometimes as much as 2 or 3 feet across the center line, and when there a vehicle is discovered in a near approach, the other vehicle can then quickly turn back into its own lane. This is the universal procedure, repeated over and over thousands of times a day, without which the traffic on our highways would be limited to the speed of the slowest vehicle moving thereon. It is therefore not to be said, because of anything contained in the opinion in the present case, that in any event a person who follows this common procedure shall be guilty of manslaughter if perchance some other person loses his life as a consequence thereof, and in what we are holding herein we desire that it shall be well understood also that we are not departing in the slightest from the principles laid down by us in Smith v. State, 197 Miss. 802, 20 So. (2d) 701.

The facts of this case as found by the jury take us back, however, to the principle and the classical illustration thereof found in Blackstone, that where a workman purposely casts down a stone from a house into a street where people are continually passing, and it strikes and kills a person in the street, the actor is guilty of manslaughter, although he had no intention to injure any person. This is culpable negligence precisely as defined by us in Smith v. State, supra, 197 Miss. 802, 20 So. (2d) at page 705, wherein we said that, "Culpable negligence should be defined as the conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as the result of the wilful creation of an unreasonable risk thereof."

Although he may act in pursuance of the common custom above mentioned of turning to the left to pass a vehicle ahead this right is upon the condition that the driver of the vehicle in the rear in so doing shall be reasonably alert that he shall not thereby seriously endanger a vehicle approaching in the opposite direction,

for the latter vehicle has the right of way over him. If in so turning to pass he sees that another vehicle is so closely approaching that a collision is probable, none would deny that if thereby the death of a human being results it would be manslaughter, indeed it might be murder.

If he does not see the other vehicle, when if he had looked he clearly could have seen it, he is in no better position, except in such case he would not be guilty of murder; for to say that he did not see it when by looking he could have seen it places him in the same attitude as the workman who without looking, and not seeing, casts a stone from a building into a street where people are continually passing. Appellant admits that he saw the approaching Smith car, but seems to say that he did not see it in time. The proof is clear, however, that the trailer immediately ahead of him did not have a body on it to obscure his view, and that the truck drawing the trailer had no body other than its cab, and that this cab was nearly 100 feet ahead of appellant, and that when appellant turned to the left the Smith car was then near the front end of the front truck, wherefore the jury was warranted in believing beyond a reasonable doubt that if appellant had looked he could easily have seen the Smith car when he made the left turn into its path and thus the charge against appellant is sustained by the proof.

Appellant contends that the evidence is not sufficient to show that the act charged against him proximately caused, or efficiently contributed to, the death.

The immediate cause of the death was pneumonia. The death occurred on September 14, 1944, or approximately 50 days after the injury. According to the testimony of the attending physician the pneumonia was caused by the confinement of the deceased to her bed, the physician stating that old people are likely to develop pneumonia if so confined, and as we have already mentioned deceased was 85 years of age. According to the evidence she was

in good health at the time of the injury. The case then is this: The defendant (1) by his culpable negligence collided with the automobile in which the deceased was a passenger. The collision (2) resulted in bodily injuries to the deceased, causing her to lose a considerable quantity of blood, and a partial paralysis on her right side. The injuries (3) necessitated her taking to bed, where she remained until (4) as a consequence pneumonia developed, and (5) the pneumonia resulted in her death. Thus it is that appellant feloniously put in motion a series of five successive events, causally and naturally connected from beginning to end, without the intervention of any distinctly separate and independent agency to interrupt and overcome the progress of the events in their natural course, so that the wrong was not only a contributing cause, but the proximate cause as that term is known to the law.

We do not examine the instructions, since no complaint of them is made save the contention that appellant was entitled to the peremptory charge, with which, as already stated, we do not agree.

Affirmed.